IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **TIMOTHY DWIGHT RABARA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Civil Action No. 7:20cv00649 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **SWVRJA,** *et al.,* | ) | By:  **Hon. Thomas T. Cullen** |
| | ) | **United States District Judge** |
| **Defendants.** | ) | |

Plaintiff Timothy Dwight Rabara, a Virginia inmate proceeding *pro se,* filed this civil action pursuant to 42 U.S.C. § 1983, against the Southwest Virginia Regional Jail Authority ("Jail Authority"), Dr. Cutchin, and Major Kilgore. Rabara seeks leave to proceed *in forma pauperis* with this action. Having reviewed Rabara's amended complaint, the court grants his request to proceed *in forma pauperis* but concludes that Rabara has failed to state a cognizable federal claim against any of the named defendants. Accordingly, the court will dismiss Rabara's amended complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Rabara alleges that he has cirrhosis of his liver and that a non-defendant doctor at a local hospital ordered him to go see a specialist "about prolonging his life." Rabara states that "the jail cancelled [his] appointment" and "blamed" it on COVID-19. Rabara alleges that he placed four sick-call requests between April 2020 and November 2020, but an unnamed doctor at his facility "refused to see [him]." Rabara claims that he no longer has control over his bowel movements. He states that "the jail" has refused "to give [him] access to a bathroom on [his] outtime [*sic*]," and a non-defendant correctional officer "locked [him] out of his cell," causing him to have "several . . . accidents in [his] clothes," as well as unbearable pain, suffering, and

embarrassment. Rabara also claims that a non-defendant doctor at a local hospital "put in orders" for Rabara to have double meal portions at all meals because he has "lost so much weight," but "the jail and the [unnamed] doctor . . . stopped the order [four] times." Rabara seeks $2 million in damages for "pain and suffering."

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985). Despite being given the opportunity to amend his complaint, Rabara does not allege that any official policy or custom of the defendant Jail Authority was responsible for the violations or injuries he allegedly suffered.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency and that a defendant was deliberately indifferent to those conditions. *Wilson v. Seiter*, 501 U.S. 294 (1991).

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that a defendant was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). Despite being given the opportunity to amend his complaint, Rabara has not alleged sufficient facts for the court to determine that any of the named defendants were deliberately indifferent to his living conditions or to any serious medical need. In fact, Rabara fails to allege any fact against any of the named defendants. Accordingly, the court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**ENTERED** this 15th day of January, 2021.

                                                        /s/ Thomas T. Cullen
                                        HON. THOMAS T. CULLEN
                                        UNITED STATES DISTRICT JUDGE